David W. Newman, ISBN 8251
Assistant United States Trustee
Brett R. Cahoon, ISBN 8607
United States Department of Justice
Office of the United States Trustee
720 Park Blvd, Ste. 220
Boise, Idaho 83712
(208) 334-1300
(208) 334-9756 [Facsimile]
ustp.region18.bs.ecf@usdoj.gov

Attorneys for the Acting United States Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| In re:                                              | Case No. 19-01170-TLM |
|                                                     | Chapter 7             |
| ANTON THOR MORTON and                               |                       |
| JAQUELINN SUSZANN MORTON,                           |                       |
|                                                     |                       |
|             Debtors.                                |                       |

### ACTING UNITED STATES TRUSTEE'S MOTION TO DISMISS FOR ABUSE UNDER 11 U.S.C. §707(b)(1) AND (b)(2) OR (b)(3)

**Notice of Motion to Dismiss Case for Abuse,
and Opportunity to Object and for a Hearing**

<u>No Objection</u>.  The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within 21 days of the date of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

<u>Objection</u>.  Any objection shall set out the legal and/or factual basis for the objection.  A copy of the objection shall be served on the movant.

<u>Hearing on Objection</u>.  The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

1

The Acting United States Trustee ("United States Trustee"), moves to dismiss this case under Section 707(b)(1) of the Bankruptcy Code and Rule 1017(e)(1) of the Federal Rules of Bankruptcy Procedure for the reasons set forth below.

1. The Court has jurisdiction of this matter under 28 U.S.C. §§ 1334(a) & (b), 28 U.S.C. §§ 157(a) & (b)(1), and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) & (B). This Motion is filed under 11 U.S.C. § 707(b).

2. On October 4, 2019, Anton Thor Morton and Jaquelinn Suszann Morton ("Debtors"), filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code"). (Docket No. 1)

3. On the petition date, the Debtors also filed their Employee Income Records, Certificates of Credit Counseling, and Chapter 7 Means Test Calculation (Forms 122A-1 & 122A-2). (Docket Nos. 5, 8 and 10)

4. The Debtors' Form 122A-2 states there is no presumption of abuse. (Docket No. 9). However, the Debtor's means test calculation improperly includes a $2,600 expense in response to question 10 for "Additional living expenses for Connecticut housing." This appears to be based upon the information contained in the Declaration of Special Circumstances the Debtors filed in their case. (Docket No. 11 at Par. 1)

5. Noah G. Hillen was appointed as Chapter 7 trustee. He filed a Chapter 7 Trustee's Report of No Distribution on November 12, 2019.

6. The Chapter 7 meeting of creditors, pursuant to 11 U.S.C. § 341, was scheduled, held, and concluded on November 7, 2019. (Docket No. 17)

7.      The Debtors' Petition states that their debts are primarily consumer debts. (Docket No. 1). Their non-priority unsecured debts total $79,422.69.

8.      Pursuant to 11 U.S.C. § 704(b)(1)(a), the United States Trustee reviewed the materials filed by the Debtors. On November 15, 2019, the United States Trustee filed a statement that the presumption of abuse arises in this case (the "10-day Statement"). (Docket No. 24)

9.      This Motion is filed within thirty days of the 10-Day Statement as required under 11 U.S.C. § 704(b)(2), and within sixty days of the initially scheduled 11 U.S.C. § 341(a) meeting of creditors as required by Bankruptcy Rule 1017(e)(1).

### Cause for Dismissal under 11 U.S.C. § 707(b)(2)

10.      The Debtors' Form 122A-2 states "there is no presumption of abuse." (Docket No. 9)

11.      On their Form 122A-1, the Debtors reported current monthly income ("CMI"), pursuant to Section 101(10A) of the Bankruptcy Code, in the amount of $9,669.18. (Docket No. 8, Line 11) The Debtors' resulting annualized CMI of $116,030 was more than the applicable Idaho median family income of $61,092 for a household of two. Accordingly, Debtors completed the expense section of their Form 122A-2.

12.      The Debtors claimed total deductions of $9,941.1834 on their Form 122A-2 (Line 39b), which computes to monthly disposable income of negative ($272.16) (Line 39c) and 60-month disposable income of negative ($16,329.60) (Line 39d).

13.      The United States Trustee alleges, as set forth in the attached Exhibit A, that the Debtors have CMI of $9,015.02, allowable deductions of $7,145.32, monthly disposable income

of $1,869.70, and 60-month disposable income of $112,182.07.

14. The Debtors' Form 122A-2 deducted $2,300 taxes including Social Security, Medicare, Federal and state income taxes. The United States Trustee estimated the Debtors' tax liability at $2,140.54 per month.

15. The most significant correction made by the United States Trustee was with respect to line item 10 of Form 122A-2 regarding the Debtors "adjustment" for "Local Standards housing and utilities." The Debtors included an additional $2,600 in expenses for housing and utilities above and beyond the $1,639 allowed for the IRS local standard. The United States Trustee understands and believes this additional expense is related to the facts and circumstances stated in the Declaration of Special Circumstances that the Debtors filed on October 4, 2019 (Doc. 11), wherein Mrs. Morton stated that Mr. Morton has taken a position in Connecticut that requires second living arrangements with monthly living expenses of approximately $2,600 per month. She also stated that he flies home once a month and pays for the travel expenses out of pocket, suggesting that he was in fact living in Connecticut at the time.

However, based upon the United States Trustee's inquiries to the Debtors and the information and documents provided (and not provided) by the Debtors, the United States Trustee understands and believes that Mr. Morton has not relocated to Connecticut and that the Debtors have never actually incurred additional living expenses for "second living arrangements" in Connecticut. Instead, Mr. Morton continues to reside in Idaho and has been teleworking or working remotely. The United States Trustee does not believe that inclusion of $2,600 as an adjustment is proper for purposes of line 10 of Form 122-A, regardless of whether it was an actual expense. And the fact that the Debtors never actually incurred the expense,

contrary to the assertions in the Declaration, should preclude the expense from being considered as a special circumstance with which the Debtors could attempt to rebut the presumption of abuse. Lastly, even if the possible need to relocate could be considered a "special circumstance," the Court should also take into consideration the fact that the Debtors live in their Idaho residence rent free. *See* Declaration of Special Circumstances. (Doc. 11 at Par. 8)

16. Pursuant to 11 U.S.C. § 707(b)(2)(A)(i), the Court shall presume abuse exists if a debtor's current monthly income reduced by allowed deductions and multiplied by 60 is equal to or greater than 25% of the non-priority unsecured debt or $7,700.00, whichever is greater, or is greater than $12,850 ($214.16 per month).

17. Because the 60-month disposable income exceeds $12,850, the presumption of abuse exists in the case. 11 U.S.C. §707(b)(2)(A)(i).

### Cause for Dismissal Under 11 U.S.C. § 707(b)(3)

18. Section 707(b)(3) provides, in relevant part:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption . . . does not arise or is rebutted, the court shall consider –
> (A) whether the debtor filed the petition in bad faith; or
> (B) the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse.

19. The United States Trustee alleges that the totality of the circumstances of the Debtors' financial situation demonstrates abuse and that their case should be dismissed. Information pertinent to the Debtors' financial situation includes, but is not limited to, the following:

A. The Debtors are married and do not list any dependents on Schedule J.

  B. Schedule D lists four secured debts:

    1) A debt in the amount of $21,382 to Idaho Central Credit Union secured by the Debtors' 2012 Toyota FJ, which they value at $15,000. The Statement of Intention indicates they will retain and keep paying on the debt.

    2) A debt in the amount of $337 to Kia Motors Finance secured by the Debtors' 2016 Kia Soul, which they value at $10,480. The Debtors' Statement of Intention indicates they intend to retain and continue paying on the debt.

    3) A debt in the amount of $282 to Kia Motors Finance secured by the Debtors' 2016 Kia Soul, which they value at $10,452. The Debtors' Statement of Intention indicates that they intend to retain and continue paying the debt.

    4) A debt in the amount of $8,882 to Wells Fargo secured by the Debtors' furnace, which they value at $0. The Debtors' Statement of Intention indicates that they intend to retain and continue paying on the debt.

  C. Schedule E lists unsecured priority claims in the amount of $0.

  D. Schedule F lists non-priority unsecured debt of $79,422, which includes student loans of $15,607.

20. "[T]here is now no presumption favoring Chapter 7 relief, but an emphasis on repaying creditors as much as possible." *Egebjerg v. United States Trustee (In re Egebjerg)*, 574 F.3d 1045, 1049 - 1050 (9th Cir. 2009). Further, Congress in BAPCPA reduced the standard for dismissal from "substantial abuse" to "abuse." *See id.*

21. In evaluating whether the totality of a debtor's circumstances demonstrates abuse in cases filed prior to the enactment of BAPCPA, courts have found that ability to pay is the

primary factor, and that the ability to pay, standing alone, may justify dismissal of the case. *See Price v. United States Trustee (In re Price)*, 353 F.3d 1135, 1140 (9th Cir. 2004); *Zolg v. Kelly (In re Kelly)*, 841 F.2d 908, 914 (9th Cir.1988).

22. Subsequent to the enactment of BAPCPA, courts have continued to find that ability to pay warrants dismissal for abuse under Section 707(b)(3). *See Ng v. Farmer (In re Ng)*, 477 B.R. 118 (9th Cir. BAP 2012); *In re Soto*, 2012 WL 2087446, at *3 (Bankr. D. Idaho 2012) (ability to repay, including exempt income, may warrant dismissal).

23. In this case, the Debtors appear to have the ability to pay all of their unsecured debts.

24. Debtors' Schedules I and J report $5,942 in Combined Average Monthly Income and Average Monthly Expenses of $6,120.81 resulting in Monthly Net Income of negative ($178.81).

25. The United States Trustee's Exhibit B, pro forma Schedule I and J Analysis, accompanies this motion and is incorporated herein as if fully stated.

26. The United States Trustee estimates the Debtors' Average Monthly Income at $6,794.84 and their reasonable and necessary Average Monthly Expenses at $3,816.81, resulting in Monthly Net Income of $2,978.03.

27. In arriving at his estimate of $6,794.84 for the Debtors' Average Monthly Income, the United States Trustee made the following adjustments:

    A. The United States Trustee excluded the Debtors' insurance repayment of $587 per month because the Debtors haven't provided documentation to verify this deduction.

    B.    The United States Trustee increased the Debtors' payroll tax deduction to $2,140.54, which is his estimate of the amount necessary to pay Social Security, Medicare, Federal and state income taxes on average monthly gross wages of $9,629.

    C.    The United States Trustee increased Mrs. Morton's gross wages from $40 to $146.38.

28.    The United States Trustee only made two changes to the Debtors' expenses listed on Schedule J. The United States Trustee removed the Debtors' home maintenance, repair and upkeep expense in the amount of $204 based upon the Debtors failure to provide supporting documentation. The United States Trustee also removed the $2,100 expense identified as "[r]ent for Conneticut [sic] Apartment," because this is not an actual expense that the Debtors incurred prepetition, nor have they incurred or paid this expense since the petition date.

29.    The United States Trustee reserves the right to challenge the reasonableness of any expenses in the event this motion is contested and specifically notes that Debtors appear to be very close to paying off two of their vehicles, which would eliminate car payments with respect to two vehicles in the very near future.

30.    The Debtors' monthly net income of $2,978.03, as computed by the United States Trustee would pay all of the Debtors' unsecured debts in approximately 27 months.

31.    The United States Trustee alleges that the Debtors' ability to pay, standing alone, is sufficient cause for dismissal of their case.

WHEREFORE, the United States Trustee respectfully requests that, pursuant to 11 U.S.C. § 707(b), the Court dismiss this case and grant such other relief to which the United States Trustee may be entitled.

Date:   December 16, 2019               GREGORY M. GARVIN
                                        Acting United States Trustee

                                        /s/ Brett R. Cahoon
                                        BRETT R. CAHOON
                                        Attorney for Movant
                                        [Non-ECF email: brett.r.cahoon@usdoj.gov]


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 16, 2019, I caused to be filed a copy of the foregoing electronically through the CM/ECF system, which causes the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Patrick Geile, Debtors' counsel

Noah G. Hillen, Chapter 7 Trustee

and all those receiving notice through the CM/ECF system in this case

AND I FURTHER CERTIFY that on such date I caused to be served the foregoing on the following non-CM/ECF Registered Participants via first class mail, postage prepaid addressed as follows:

Anton & Jaquelinn Morton
4408 W. Camas Street
Boise ID 83705

Date: December 16, 2019                 /s/ Brett R. Cahoon
                                        BRETT R. CAHOON

# EXHIBIT A

**UST Worksheet for Determination of 707(b)(2) Presumed Abuse**

| In re: | Morton, Anton T. & Jaquelinn S. | | Marital/Filing Status: | Married, filing jointly |
|---|---|---|---|---|
| Case # | 19-01170-TLM | | County of Residence: | Ada County |

## Official Form B 122A - Chapter 7 Statement of Your Current Monthly Income

| | Part 1: Calculate Your Current Monthly Income | | | AS REPORTED BY DEBTOR | | UST ADJUSTED AMOUNT | |
|---|---|---|---|---|---|---|---|
| | | | | Debtor | Spouse | Debtor | Spouse |
| 1 | What is your marital and filing status? Check one only<br>___ Not Married. Fill out Column A, lines 2-11<br>___ Married and your spouse is filing with you. Fill out both Columns A and B, lines 2-11<br>___ Married and your spouse is not filing with you. You and your spouse are:<br>   ___ Living in the same household and not legally separated. Fill out both Columns A and B, lines 2-11<br>   ___ Living separately or are legally separated. Fill out Column A, lines 2-11 | | | $ 9,629.18 | $ 40.00 | $ 8,892.69 | $ 122.33 |
| 2 | Gross Wages, Salary, tips, bonuses, overtime, commissions | | | $ - | $ - | $ - | $ - |
| 3 | Alimony and maintenance payments | | | $ - | $ - | $ - | $ - |
| 4 | All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support | | | $ - | $ - | $ - | $ - |
| 5 | Net income from operating a business, profession, or farm | | | | | | |
| | Gross Receipts (before all deductions) | $ - | | | | $ - | |
| | Ordinary and necessary operating expenses | $ - | | | | $ - | |
| | Net monthly income from a business, profession, or farm | $ - | $ - | $ - | $ - | $ - | $ - |
| 6 | Net income from rental and other real property | | | | | | |
| | Gross Receipts (before all deductions) | $ - | | | | $ - | |
| | Ordinary and necessary operating expenses | $ - | | | | $ - | |
| | Net monthy income from rental or other real property | $ - | $ - | $ - | $ - | $ - | $ - |
| 7 | Interest, dividends, and royalties | | | $ - | $ - | $ - | $ - |
| 8 | Unemployment compensation | | | $ - | $ - | $ - | $ - |
| 9 | Pension and retirement | | | $ - | $ - | $ - | $ - |
| 10 | Income from all other sources | | | $ - | $ - | $ - | $ - |
| | Subtotal | | | $ 9,629.18 | $ 40.00 | $ 8,892.69 | $ 122.33 |
| 11 | Calculate your total current monthly income | | | | $ 9,669.18 | | $ 9,015.02 |

| | Part 2: Determine Whether the Means Test Applies to You | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 12a | Copy your total current monthly income from line 11 | | | | $ 9,669.18 | | | $ 9,015.02 |
| 12b | Annualized Current monthly income | | | | $ 116,030.16 | | | $ 108,180.24 |
| 13 | Applicable median income based on State and size of household. | State of Residence: Idaho | Household Size: 2 | $ 61,092.00 | | State of Residence: Idaho | Household Size: 2 | $ 61,092.00 |
| 14 | How do the lines compare? If "Yes" proceed to Form 122A - 2 below. | | | | YES | | | YES |
| 14a | ___ Line 12B is less than or equal to line 13. There is no presumption of abuse | | | | | | | |
| 14b | ___ Line 12b is more than line 13. Abuse is determined by Form 122A - 2 below. | | | | | | | |

## Official Form 122A - 2 Chapter 7 Means Test Calculation

| | | | AS REPORTED BY DEBTOR | UST ADJUSTED AMOUNT |
|---|---|---|---|---|
| | Part 1: Calculate Your Adjusted Income | | | |
| 1 | Copy total from line 11 from Official Form 122A-1 | | $ 9,669.18 | $ 9,015.02 |
| 2 | Did you fill out Column B in part 1 of Form 122A-1?<br>___ No. Fill in $0 on line 3d<br>___ Yes. Is your spouse Filing with you?<br>   ___ No.  Go to line 3<br>   ___ Yes. Fill in $0 on line 3d | | | |
| 3 | Adjust your current monthly income by subtracting any part of your spouse's income not used to pay for the household expenses of you or your dependents. | | | |
| | 3a. | $ - | | $ - |
| | 3b. | $ - | | $ - |
| | 3c. | $ - | | $ - |
| | 3d. Total | $ - | $ - | $ - |
| 4 | Adjusted current monthly income. Subtract line 3d from line 1 | | $ 9,669.18 | $ 9,015.02 |

| | Part 2. Calculate Your Deductions From Your Income | | | | | |
|---|---|---|---|---|---|---|
| 5 | The number of people used in determining your deductions from income<br>Fill in the number of people who could be claimed as exemptions on your federal tax return | | | | | |
| | **National Standards.** You must use the IRS National Standards to answer the questions in lines 6-7 | | | Allowance | | Allowance |
| 6 | Food, Clothing, and other items: | | | $ 1,288.00 | | $ 1,288.00 |
| 7 | Out-of-pocket health care allowance: National Standards: health care (enter number of household members over age 65 here) | 0 | | $ 110.00 | 0 | $ 110.00 |

**UST Worksheet for Determination of 707(b)(2) Presumed Abuse**

| In re: | Morton, Anton T. & Jaquelinn S. | Marital/Filing Status: | Married, filing jointly |
|---|---|---|---|
| Case # | 19-01170-TLM | County of Residence: | Ada County |

| | Local Standards. You must use the IRS local Standards to answer the questions in lines 8-15 | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 8 | Housing and Utilities - Insurance and operating expenses | | | | $ 510.00 | | | $ 510.00 |
| 9 | Housing and utilities - Mortgage or rent expense. | | | | | | | |
| | 9a. IRS Housing & Utilities Standards; mortgage / rent expense | $ 1,129.00 | | | | $ 1,129.00 | | |
| | 9b. Average Monthly Payment for any Debts Secured by your home | $ - | | | | $ - | | |
| | 9c. Net mortgage/rental expense (Subtract Line 9b from Line 9a) | $ 1,129.00 | | | $ 1,129.00 | $ 1,129.00 | | $ 1,129.00 |
| 10 | Local Standards housing and utilities; adjustment. | | | | $ 2,600.00 | | Not Allowed | $ - |
| 11 | Local Transporation expenses: Check the number of vehicles | | | | | | | |
| | ___ 0. Go to line 14 | | | | | | | |
| | ___ 1. Go to line 12 | | | | | | | |
| | ___ 2 or more Go to line 12 | | | | | | | |
| 12 | Local standards: transportation; vehicle operation/public transportation expense. | 0 | | | $ 410.00 | 2 | | $ 410.00 |
| 13 | Local Standards Transportation ownership/lease expense: **Vehicle #1** | | | | | | | |
| | 13a. IRS Transportation Standard, Ownership Cost, First Car | | $ 508.00 | | | $ 508.00 | | |
| | 13b. Average Monthly Payment for any Debts Secured by Vehicle 1 | | $ 410.76 | | | $ 410.76 | | |
| | 13c. Net Ownership expense for Vehicle 1 (subtract Line b from Line a) | | $ 97.24 | $ 97.24 | | $ 97.24 | | $ 97.24 |
| | Local Standards Transportation ownership/lease expense: **Vehicle #2** | | | | | | | |
| | 13d. IRS Transportation Standard, Ownership Cost, Second Car | | $ 508.00 | | | $ 508.00 | | |
| | 13e. Average Monthly Payment for any Debts Secured by Vehicle 2 | | $ 173.46 | | | $ 173.46 | | |
| | 13f. Net Ownership expense for Vehicle 1 (subtract Line e from Line d) | | $ 334.54 | $ 334.54 | | $ 334.54 | | $ 334.54 |
| 14 | Public transportaion expense: If you claimed 0 vehicles on line 11 | | | | $ - | | | $ - |
| 15 | Additional public transportation expense: If you claimed 1 or more vehicles on line 11 | | | | $ - | | | $ - |

**Other Necessary Expenses:**

| 16 | Taxes: federal, state, local, other than real estate, sales or use taxes. | $ 2,300.00 | | $ 2,140.54 |
|---|---|---|---|---|
| 17 | Involuntary Deductions: Payroll deductions that your job requires. | $ - | | $ - |
| 18 | Insurance: average monthly premiums. Life Insurance Only - not for dependents or NFS | $ 200.00 | Need documents | $ - |
| 19 | Court-ordered payments. | $ - | | $ - |
| 20 | Education for employment or for a physically or mentally challenged child. | $ - | | $ - |
| 21 | Childcare. | $ - | | $ - |
| 22 | Additional health care expenses, excluding insurance costs. | $ - | | $ - |
| 23 | Optional telephone and telephone services. | $ - | | $ - |
| 24 | 23 | $ 8,978.78 | | $ 6,019.32 |

**Additional expense deductions:**

| 25 | Health Insurance, Disability Insurance, and HSA Expenses. Must be reasonably necessary for the debtor, spouse, and/or dependents. | | | | |
|---|---|---|---|---|---|
| | Health Insurance | $ - | | $ - | |
| | Disability insurance | $ - | | $ - | |
| | Health savings account | $ - | | | |
| | Total | $ - | $ - | $ - | $ - |
| | Do you actually spend this total amount? | | | | |
| | ___ No. How much do you acutally spend? | | | | |
| | ___ Yes | | | | |
| 26 | Continued contributions to the care of household of family members | | $ - | | $ - |
| 27 | Protection against family violence | | $ - | | $ - |
| 28 | Additional home energy costs | | $ - | | $ - |
| 29 | Education expenses for dependent children who are younger than 18. | | $ - | | $ - |
| 30 | Additional food and clothing expense. | | $ 42.00 | Need documents | $ - |
| 31 | Continuing charitable contributions. | | $ - | | $ - |
| 32 | Add all of the additional expenses deductions: Add lines 25 through 31 | | $ 42.00 | | $ - |

**Deductions for Debt Payment**

| 33 | For debts secured by an interest in property that you own, including home mortgages, vehicle loans, and other secured debt, fill in lines 33a through 33g. | | | | | |
|---|---|---|---|---|---|---|
| 33a. | Mortgages from line 9b | | | $ - | | $ - |
| 33b. | Loans on your vehicles copy from line 13b | | | $ 410.76 | | $ 410.76 |
| 33c. | Loans on your vehicles copy from line 13e | | | $ 173.46 | | $ 173.46 |
| | Name of Creditor | Property Securing the Debt | Including taxes or insurance? | | | |
| 33d. | Kia Motors | | Yes or No | $ 145.34 | Reasonable and necessary? | $ 145.34 |
| 33e. | Wells Fargo - Furnace | | Yes or No | $ 191.00 | | $ 191.00 |
| 33f. | Other | | Yes or No | $ - | | $ - |
| 33g. | Total average monthly payment. Add lines 33a through 33f | | | $ 920.56 | | $ 920.56 |

## UST Worksheet for Determination of 707(b)(2) Presumed Abuse

| In re: | Morton, Anton T. & Jaquelinn S. | | | | **Marital/Filing Status:** | | **Married, filing jointly** |
|---|---|---|---|---|---|---|---|
| Case # | 19-01170-TLM | | | | **County of Residence:** | | **Ada County** |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 34 | Are any debts that you listed in line 33 secured by your primary residence, a vehicle, or other property necessary for your support or the support of your dependents? | | | | | | | |
| | ___ No. Go to line 35 | | | | | | | |
| | ___ Yes. State any amount that you must pay a creditor, in addtion to the payments listed in line 33 (cure amount) | | | | | | | |
| | Name of Creditor      Property Securing the Debt | | Past Due Amount | 1/60th of cure amount | | Past Due Amount | 1/60th of cure amount | |
| | | | $ - | | | $ - | | |
| | | | $ - | | | $ - | | |
| | | | $ - | | | $ - | | |
| | | Total | $ - | $ - | | $ - | $ - | |
| 35 | Do you owe any priority claims such as a priority tax, child support, or alimony - that are past due as of the filing date of your bankruptcy case? | | Schedule E Priority | 1/60th of Debt | | Schedule E Priority | 1/60th of Debt | |
| | ___ No. Go to line 36 | | | | | | | |
| | ___ Yes. Fill in the total amount of all of these priority claims. | | $ - | $ - | $ - | $ - | $ - | $ - |
| | Subtotal expenses before chapter 13 administrative expense | | $ 9,941.34 | | | $ 6,939.88 | | |
| 36 | Are you eligible to file a case under Chapter 13? 11 U.S.C. Sec. 109(e)Chapter 13 administrative expense | | | | | | | |
| | ___ No. Go to line 37 | | | | | | | |
| | ___ Yes. Fill in the following information | | | | | | | |
| | Projected average monthly chapter 13 plan payment | | $ (272.16) | | | $ 2,075.14 | | |
| | Current multiplier for your district | | 9.9% | | | 9.9% | | |
| | Average monthly administrative expense of chapter 13 case | | $ (26.94) | | $ (26.94) | $ 205.44 | | $ 205.44 |
| 37 | Add all of the deductions for debt payment. Add lines 33g through 36 | | | | $ 893.62 | | | $ 1,126.00 |

**Total Deductions from Income**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 38 | Add all of the allowed deductions. | | | | | | | |
| | Copy line 24. All of the expesnes allowed under IRS expense allowances | | $ 8,978.78 | | | $ 6,019.32 | | |
| | Copy line 32. All of the additional expense deductions | | $ 42.00 | | | $ - | | |
| | Copy line 37, All of the deductions for debt payment | | $ 920.56 | $ 893.62 | | $ 1,126.00 | | |
| | **Total Deductions** | | $ 9,941.34 | | $ 9,941.34 | $ 7,145.32 | | $ 7,145.32 |

**Part 3:  Determine Whether There is a Presumption of Abuse**

| | | | | | | |
|---|---|---|---|---|---|---|
| 39 | Calculate monthly disposable income for 60 months | | | | | |
| | 39a. Copy line 11, adjusted current monthly income | | | $ 9,669.18 | | $ 9,015.02 |
| | 39b. Copy line 38, Total deductions | | | $ 9,941.34 | | $ 7,145.32 |
| | 39c. Monthly Disposable Income. 11 U.S.C § 707(b)(2). Subtract line 39b from line 39a | | | $ (272.16) | | $ 1,869.70 |
| | 39d. 60- Month Disposable Income under § 707(b)(2) | | | $ (16,329.60) | | $ 112,182.07 |
| 40 | **Initial Presumption Determination** | | **Presumption Does not Arise** | | **Presumption Arises** | |
| | ___ The line 39d is less than $8,175 there is no presumption of abuse | | | | | |
| | ___ The line 39d is more than $13,650 there is a presumption of abuse. | | | | | |
| | ___ The line 39d is at least $8,175 but not more than $13,650 go to line 41. | | | | | |
| 41 | 41a. Fill in the amount of your total non-priority unsecured debt | | $ - | | $ - | |
| | 41b. 25% of non-priority unsecured debt | | $ - | | $ - | |
| 42 | Secondary Presumption Determination:  Does Secondary Presumption Arise? | | | | | |
| | ___ If line 39d is less than line 41b. There is no presumption | | | N/A | | N/A |
| | ___ If line 39d is equal to or more than line 41b. The presumption of abuse arises | | | N/A | | **YES** |

# EXHIBIT B

Debtor(s): Morton, Anton T. & Jaquelinn S.
Case No. 19-01170-TLM

### §707(b)(3) Analysis

|  | Debtor Version | | U.S. Trustee Analysis | |
|---|---|---|---|---|
|  | **Debtor** | **Spouse** | **U.S. Trustee Analysis Debtor** | **U.S. Trustee Analysis Spouse** |
|  | *Schedule I* | *Schedule I* | *Schedule I* | *Schedule I* |
| Gross wages | 9,629.00 | 40.00 | 9,629.00 | 146.38 |
| Overtime | | | | |
| *Deductions* - Payroll taxes and Social Security | 2,300.00 | | 2,140.54 | |
| Mandatory Contributions for Retirement | | | | |
| Voluntary Contributions for Retirement | 89.00 | | 89.00 | |
| Required Repayments of Retirement Loans | | | | |
| Insurance | 587.00 | | | Need documentation |
| Domestic Support Obligations | | | | |
| Union Dues | | | | |
| Other: Health Savings Account | 751.00 | | 751.00 | |
| Net income from rental or business | | | | |
| Interest and dividends | | | | |
| Family Support Payments that you receive | | | | |
| Unemployment Compensation | | | | |
| Social Security benefits | | | | |
| Other government assistance regularly received | | | | |
| Pension or Retirement Income | | | | |
| Other monthly income | | | | |
| **Total Income** | 5,902.00 | 40.00 | 6,648.46 | 146.38 |

|  | **Debtor** | **U.S. Trustee Analysis Debtor** | |
|---|---|---|---|
|  | *Schedule J* | *Schedule J* | |
| Rent/Home payment | | | |
| Real Estate Taxes | 250.00 | 250.00 | |
| Homeowner's/renter's insurance | 12.17 | 12.17 | |
| Home maintenance, repair and upkeep | 204.00 | - | Need documentation |
| Homeowner's association or condo dues | | | |
| Additional Mortgage Payments such as HELOC | | | |
| Electricity, heat, natural gas | 174.00 | 174.00 | |
| Water, Sewer, garbage collection | 117.00 | 117.00 | |
| Telephone, cell phone, internet, cable | 377.00 | 377.00 | |
| Other: | | | |
| Food and Housekeeping supplies | 700.00 | 700.00 | |
| Childcare and children's education costs | | | |
| Clothing, Laundry and dry cleaning | 50.00 | 50.00 | |
| Personal Care Products and services | 169.00 | 169.00 | |
| Medical and Dental expenses | 500.00 | 500.00 | |
| Transportation | 300.00 | 300.00 | |
| Entertainment, clubs, recreation, newpapers, etc. | 100.00 | 100.00 | |
| Charitable contributions | | | |
| Life Insurance | | | |
| Health Insurance | | | |
| Vehicle Insurance | 220.00 | 220.00 | |
| Other: Jaquie Business Insurance | 13.42 | 13.42 | |
| Taxes - Approx $5,000 in back real prop taxes | 250.00 | 250.00 | |
| Installment - Car Payment | 173.46 | 173.46 | |
| Car Payment 2 | 410.76 | 410.76 | |
| Alimony, maintenance or support | | | |
| Other support to people who do not live with you | | | |
| Other Real Property Expenses | | | |
| Mortgage on other Property | | | |
| Rent for Connecticut apartment | 2,100.00 | - | Need documentation |
| Property, Homeowners or renter's insurance | | | |
| Maintenance, Repair and upkeep | | | |
| **Total Expenses** | 6,120.81 | 3,816.81 | |
|  | | | |
| Total Monthly Income | 5,942.00 | 6,794.84 | |
| Total Monthly Expenses | (6,120.81) | (3,816.81) | |
| **Monthly Net Income** | (178.81) | 2,978.03 | |

12/12/2019